UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edison S.C.C.,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,<br><br>Respondents. | Civ. No. 26-1271 (JWB/DTS)<br><br><br><br><br>**ORDER ON<br>PETITION FOR WRIT OF<br>HABEAS CORPUS** |

M. Boulette, Esq., counsel for Petitioner.

David W. Fuller, Esq., and Trevor Brown, Esq., United States Attorney's Office, counsel for Respondents.

---

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) if the noncitizen entered the United States and was later arrested within the country's borders. The answer is no. Because Petitioner Edison S.C.C. is already in the country, not seeking admission at the Nation's borders or ports of entry, Respondents cannot subject him to mandatory detention under § 1225.

Respondents' broad reading of § 1225(b)(2) has been often rejected in this District, regardless of whether the petitioner entered without inspection, or was initially detained at the border and released. *See, e.g.*, *Avila v. Bondi*, Civ. No. 25-3741

(JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (Nov. 10, 2025); *see also Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025).

Although Respondents were ordered to answer with a memorandum explaining their position and affidavits and exhibits as needed to establish the lawfulness of Petitioner's detention (*see* Doc. No. 5), Respondents limited their response to two pages stating they assert all arguments raised in *Avila v. Bondi* and *Buenrostro-Mendez v. Bondi*, Civ. No. 25-20496, __ F.4th __ (5th Cir. Feb. 6, 2026). (*See* Doc. No. 7.)

Petitioner was already in the country when he was detained by Immigration and Customs Enforcement ("ICE"). Thus, § 1225(b) cannot authorize his detention. The Petition is granted to the extent it seeks Petitioner's release.

## BACKGROUND

Petitioner is a citizen of Ecuador. (*See* Doc. No. 1, Petition ¶¶ 1, 8, 13.) He entered the United States approximately seven years ago, and lives in Spring Lake Park, Minnesota. (*Id.* ¶¶ 1, 8, 13, 16.) Petitioner does not have a final order of removal, and nothing in the record indicates that he has a criminal record requiring mandatory detention. (*Id.* ¶¶ 1, 14, 15.)

On February 9, 2026, ICE apprehended Petitioner without a warrant. (*Id.* ¶¶ 1, 17, 59.) He was taken to the Whipple Federal Building and has since remained in custody at a location unknown to Petitioner's counsel. (*Id.* ¶¶ 8, 18.)

## DISCUSSION

### I. Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* at 687–88.

### II. Analysis

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest any removal order, the conduct of removal proceedings, or the execution of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which

3

immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention in the case of a noncitizen "seeking admission." *Id.*; *see also Maldonado*, 795 F. Supp. 3d at 1149, 1152.

8 U.S.C. § 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents did not include a detailed response to Petitioner's claim that § 1225(b)(2) does not apply to him. They instead rely on the arguments asserted in *Avila*, 2025 WL 2976539, at *5, and the recent decision in *Buenrostro-Mendez*, Civ. No. 25-20496, __ F.4th __[1], to support their reasoning that § 1225(b)(2) authorizes the detention of certain "applicants for admission" pending removal proceedings.

The vast majority of district courts considering that assertion have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens present in the interior of the country like Petitioner. *See, e.g.*, *Avila*, 2025 WL 2976539, at *5–7; *Santuario v. Bondi*, Civ. No. 25-4296 (JRT/JFD),

---

[1] Respondents cite *Buenrostro-Mendez* for the proposition that § 1225(b)(2)(A) mandates detention without bond for noncitizens encountered in the interior. This Court is not persuaded. That interpretation turns "seeking admission" into a perpetual status rather than a present act tied specifically to inspection or entry. Read in context of the INA as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 1226 governs detention of noncitizens already present in the United States pending removal proceedings.

2025 WL 3469577, at *2 (D. Minn. Dec. 2, 2025); *N.A.M. v. Noem*, Civ. No. 25-4737 (JRT/EMB), 2025 WL 3754145, at *1 (D. Minn. Dec. 29, 2025).

*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. Respondents have previously cited to it as if it reflects an independent adjudicatory resolution of statutory ambiguity. It does not. The Board of Immigration Appeals ("BIA") is a component of the Department of Justice ("DOJ") and operates under the Attorney General's supervisory authority. Its precedents are subject to review, revision, and overruling by the Attorney General, who sets binding interpretations of the INA for the Executive Branch. *Yajure Hurtado* thus reflects the DOJ's adopted litigation position concerning the scope of § 1225(b)(2), not an interpretation generated independently of that position. *See* Memorandum from Rodney S. Scott, U.S. Customs & Border Protection, Detention of Applicants for Admission (July 10, 2025) (memo from DHS requiring that all "applicants for admission" be detained under § 1225(b)(2) during removal proceedings).

And even if *Yajure Hurtado* were such an independent interpretation, it would run headlong into the statute's text and structure for the reasons already explained. Where an agency's reading conflicts with the statute Congress enacted, it does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (explaining that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

In habeas review, the question is not whether the Executive Branch has spoken

5

with one voice—whether through the DOJ or BIA—but whether the detention authority it asserts is grounded in statute. That determination remains for the Article III courts. *See Zadvydas*, 533 U.S. at 688.

The analysis here is straightforward. Petitioner entered the United States approximately seven years ago. When ICE detained Petitioner in Minnesota, he was in the interior of the country, not at a port of entry. Being arrested on February 9, 2026, did not transform Petitioner, who has lived in the community for seven years, into a noncitizen "seeking admission." Petitioner was arrested while within the country and, thus, to the extent that Petitioner is subject to detention, that detention would be pursuant to § 1226. Even so, there is no evidence in the record that Respondents properly invoked that authority to detain Petitioner here.

The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous. While Congress may extend detention authority by statute, the courts and the Executive Branch cannot.

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *Khalid B.Q. v. Noem*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 at 6 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 at 7 (D. Minn. Dec. 19, 2025). Further, even if Respondents seek to detain Petitioner under § 1226, they have failed to produce a warrant

or any other exhibit that sets forth the proper basis for Petitioner's detention. Thus, the statutory requirements authorizing detention under § 1226 are not satisfied.

Petitioner is entitled to a writ of habeas corpus that grants his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention"). When the Executive Branch detains without statutory authorization, habeas relief is not limited to ordering additional process. The function of habeas corpus is to obtain release from unlawful custody. *Wajda v. United States*, 64 F.3d 385, 389 (8th Cir. 1995). Where detention lacks a lawful predicate, release is an available and appropriate remedy. *Munaf*, 553 U.S. at 693.

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the INA that authorizes his continued detention, the Petition for a Writ of Habeas Corpus is granted, and Petitioner's other habeas claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.  Petitioner Edison S.C.C.'s Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

2.  **Release.** Respondents shall immediately release Petitioner from custody. He must be released in Minnesota. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including

but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiating Petitioner's return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3.    **Notice.** Respondents shall file an update on the status of Petitioner's release by 10:12 a.m. on February 15, 2026. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

4. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

5. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

6. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 13, 2026  
Time: 10:12 a.m.

*s/ Jerry W. Blackwell*  
JERRY W. BLACKWELL  
United States District Judge